
ANDREW NELSON
Assistant Federal Defender
Federal Defenders of Montana
Missoula Branch Office
125 Bank Street, Suite 710
Missoula, Montana 59802
Phone: (406) 721-6749
Fax: (406) 721-7751
Email: andy_nelson@fd.org

Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NICHOLAS GEOFFREY COMBS,<br><br>Defendant. | CR 23-44-M-DWM<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

NICHOLAS GEOFFREY COMBS comes before the Court for sentencing on one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). He faces a mandatory minimum sentence of five and a maximum 20 years imprisonment to be followed by a term of supervised release of five years to life. The United States Probation Office has calculated a Guidelines range of 210-to-240 months (Total Offense Level 37; Criminal History Category I). Mr. Combs

has no objections to the presentence report (PSR) that impact the calculation of the guideline sentencing range. He does object to the $80,194.12 amount of restitution requested in paragraph 115 of the PSR.

Mr. Combs files this sentencing memorandum in support of his request for a below-Guidelines, mandatory minimum sentence of five years imprisonment.

## ARGUMENT

**A.     Mr. Combs experienced a difficult upbringing yet has no prior involvement with the criminal justice system whatsoever.**

There is no question that Mr. Combs possessed a large collection of disturbing images and shared some of those images with others. This offense conduct drives what is a significant offense level computation and, ultimately, a very high guideline sentencing range with an upper end at the statutory maximum sentence. But the offense conduct is counterbalanced by many of the other 18 U.S.C. § 3553(a) sentencing factors.

Most notably, Mr. Combs has had absolutely no contact either with law enforcement or the criminal justice system prior to the instant offense. *See* PSR ¶¶ 68-71. Moreover, Mr. Combs obtained a psychological / psychosexual evaluation that confirmed an absence of "hands on" offending. *See* Scolatti Evaluation p. 17, filed under seal. Mr. Combs was honest with Dr. Scolatti. Mr. Combs complied and was cooperative with law enforcement from the very inception of this investigation. *See* PSR ¶¶ 31-33. At the very first encounter with investigators Mr. Combs

acknowledged his criminal behavior but has steadfastly maintained that "he has never done anything with real children." PSR ¶ 31. That assertion has since been confirmed by testing.

The PSR emphasizes some of the negative aspects of Dr. Scolatti's evaluation, including a clinical diagnosis of Pedophilia. PSR ¶¶ 82-83. But that diagnosis is hardly surprising given Mr. Combs' horrific upbringing. Mr. Combs was sexually abused by his father beginning at a young age and continuing until he was 11 or 12 years old. PSR ¶ 75. Mr. Combs was raised in rural Oregon without much human contact other than the cruel predations of his abusive, alcoholic father. PSR ¶ 76. His father made him watch child pornography on the computer and "touched" Nick while he did so. Scolatti Evaluation, p. 3. Perhaps as devastating as the abuse was the neglect Mr. Combs suffered: he was home-schooled, never attending a public or private school, stuck in an isolated rural home, teaching himself to read and write by watching TV and playing video games, only rarely able to spend time around kids his age. PSR ¶ 76. The abuse and neglect he experienced make it all the more remarkable that Mr. Combs has no sexual experience with anyone, adult or minor. Scolatti Evaluation, p. 7; PSR ¶ 77. Perverse fantasy is a function of his perverse reality.

Just because his offense conduct was almost preordained does not mean that prison is the only answer for Mr. Combs. A sentence of 60 months followed by a

lengthy term of supervised release – say 20 years – would satisfy the § 3553(a) sentencing factors without being unreasonably punitive.  Mr. Combs can participate in sex offender treatment programs and RDAP while in custody.  This Court can fashion numerous specific conditions of supervised release that address Mr. Combs' core issues and prevent recidivism.  The fact that Mr. Combs was truthful throughout his evaluation and the PSR process demonstrates that he can function well on federal supervised release.

**B.     The relevant Guidelines should be afforded minimal deference because they are not based on the type of empirical evidence typically considered by the Sentencing Commission.**

The sentencing court may vary from the guideline range based solely on policy considerations, including disagreements with the Guidelines.  *Kimbrough v. United States*, 552 U.S. 85, 101 (2007).  That is because whatever deference a guideline deserves depends on whether the Commission acted in the "exercise of its characteristic institutional role." *Id* at 109.  This role has two components: (1) reliance on empirical evidence or pre-guidelines sentencing practice, and (2) review and revision in light of judicial decisions, sentencing data, and comments from participants and experts in the field.  *Rita v. United States*, 551 U.S. 338, 349-350 (2007).  "Notably, not all of the Guidelines are tied to this empirical evidence." *Gall*, 552 U.S. at 46 n.2.  When a guideline is not the product of "empirical data and national experience," it is not an abuse of discretion to conclude that it fails to

achieve the section 3553(a)'s purposes and violates the parsimony principle, even in a "mine-run case." *Kimbrough*, 552 U.S. at 109.

In *United States v. Henderson*, the Ninth Circuit concluded that the child pornography guideline is not entitled to the deference traditionally shown the Sentencing Guidelines because the child pornography guideline is not based on empirical data resulting from past practices. 649 F.3d 955, 959-60 (9th Cir. 2011) ("the child pornography Guidelines were not developed in a manner 'exemplify[ing] the [Sentencing] Commission's exercise of its characteristic institutional role.' *Kimbrough*, 552 U.S. at 109."). District courts may, therefore, vary from the child pornography guideline based on policy disagreement. *Id*.

In *United States v. Grober*, 595 F.Supp. 2d 382 (D.N.J. 2008), affirmed by *United States v. Grober*, 624 F.3d 592 (3d Cir. 2010), the court took a similar stance:

> The Court believes as a matter of conscience that the imposition of any term of incarceration above the mandatory minimum of 60 months attached to the offenses to which [the defendant] pleaded guilty would be unfair and unreasonable. In reaching this conclusion, the Court joins thoughtful district court judges whose work has convinced them that the present guideline, § 2G2.2, must be given less deference than the guidelines traditionally command. The Court's scrutiny of the guideline has led it to conclude that the guideline does not guide.

The Second Circuit similarly concluded that § 2G2.2 is beset with "irrationality" so much so that "unless applied with great care, [it] can lead to unreasonable sentences that are inconsistent with what § 3553 requires." *United States v. Dorvee*, 616 F.3d 174, 184 (2d Cir. 2010).

This policy disagreement is reflected in the number of below-Guidelines sentences imposed in child pornography cases: while 33.1% of federal felony convictions result in a below-Guidelines sentence without government recommendation, a below-Guidelines sentence is imposed in 59.6% of child pornography convictions under similar circumstances.  United States Sentencing Commission, 2023 Sourcebook of Federal Sentencing Statistics, Table 31.

The Guidelines in this case do not guide.  They are a product of politics and are not based on empirical data.

**C.     The AVA special assessment should not be applied.**

The $5,000 JVTA special assessment does not apply as Mr. Combs is indigent.  Mr. Combs has agreed to shoulder a significant restitution obligation, PSR ¶ 115, has no assets, PSR ¶100, and has a very limited employment history.  PSR ¶¶ 96-99.  Mr. Combs' income, earning capacity, and financial resources are extremely limited.  *See* 18 U.S.C. § 3572(a)(1).  In combination with the § 3553(a) factors described in this memorandum, these factors suggest that an AVA special assessment should not be imposed.

**D.     Restitution in the amount of $27,000 would comport with the plea agreement and not be objectionable**.

Mr. Combs objects to the requested restitution amount of $80,194.12.  *See* PSR ¶ 115; PSR Addendum.  He notes that restitution of $3,000 per request would result in an unobjectionable restitution amount of $27,000.

## CONCLUSION

Nicholas Geoffrey Combs respectfully requests a sentence of 60 months imprisonment followed by 20 years of supervised release.  He requests placement at FCI Englewood, Colorado in order to participate in residential sex offender treatment programming and to remain close to his family in Montana.  Mr. Combs requests this Court's recommendation that he participate in the Bureau of Prisons' 500-hour RDAP program if deemed eligible.  Finally, Mr. Combs requests that the Court waive restitution interest pursuant to 18 U.S.C. § 3612(f)(3)(A).

RESPECTFULLY SUBMITTED this 3rd day of April, 2024.

NICHOLAS GEOFFREY COMBS

/s/ Andrew Nelson
ANDREW NELSON
Assistant Federal Defender
Federal Defenders of Montana
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2024 a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| 1, 2 | CM-ECF |
| _____ | Hand Delivery |
| 3 | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. CLERK, UNITED STATES DISTRICT COURT

2. BRIAN C. LOWNEY
   Assistant U.S. Attorney
      Counsel for the United States of America

3. NICHOLAS GEOFFREY COMBS
      Defendant

By: /s/ Andrew Nelson
ANDREW NELSON
Assistant Federal Defender
Federal Defenders of Montana
   Counsel for Defendant